# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAJUAN L. BARKSDALE,**

        Plaintiff,

    -vs-                                                     **Case No. 15-CV-40**

**EDWARD F. WALL, et al.,**

        Defendants.

## DECISION AND ORDER

Kajuan L. Barksdale, a Wisconsin state prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. This matter is before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1), on the plaintiff's motion for an order directing prison staff to return legal materials to the plaintiff (ECF No. 7), and for screening of the plaintiff's complaint (ECF No. 1).

The Court assessed and the plaintiff paid an initial partial filing fee of $8.26. The plaintiff's motion to proceed *in forma pauperis* is granted.

Federal law requires that the Court screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should

follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

<u>The Plaintiff's Complaint</u>

The plaintiff is currently incarcerated at Oshkosh Correctional Institution (OSCI). He is suing Wisconsin Department of Correction Secretary Edward Wall and the following OSCI staff members: David Hines, Sherri Jacobson, S. Fromolz, Judy Smith, J. Zanon, R. Hable, Carrie Spranger, Charles Facktor, and Deidre Morgan. The plaintiff seeks compensatory and punitive damages.

The plaintiff's complaint is long on legal conclusions but short on factual allegations. The plaintiff alleges three events: 1) He was removed from a vocational program after he received a conduct report; 2) At the time he was removed, no hearing on the conduct report had occurred; and 3) After being found "not guilty of said conduct report" he was not allowed back into the vocational program. (ECF No. 1, p. 3.)

The rest of the plaintiff's complaint is filled with conclusory statements that defendants "falsified information," "turned a blind eye to the misconduct," and "failed to investigate"; however, the plaintiff provides insufficient factual content for the court to draw a reasonable inference that the defendants are liable for this alleged misconduct. A complaint that contains only conclusions is not entitled to the assumption of truth.

Accordingly, the Court will dismiss the plaintiff's complaint without prejudice. The plaintiff may, if he chooses, file an amended complaint that sets forth sufficient factual content to support the plaintiff's legal conclusions. If the plaintiff wants to proceed, he must file an amended complaint on or before **Monday, July 6, 2015**. The Court may dismiss this action if the plaintiff does not file an amended complaint by the end of the day on July 6.

The Court advises the plaintiff that he has to put the docket number assigned to this case on the amended complaint, and must call it in the title, "Amended Complaint." The amended complaint, if the plaintiff files it, will replace the prior complaint, and must be complete in itself, without referring back to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If the plaintiff files an amended complaint by the deadline, the Court will screen it pursuant to 28 U.S.C. § 1915A.

<u>The Plaintiff's Motion to Compel</u>

The plaintiff has also filed a motion requesting that the Court order Captain Tony and Captain Custer, neither of whom are named defendants, to return the plaintiff's legal materials to him. (ECF No. 7.) The plaintiff indicates that he is receiving help on this litigation from another inmate. That inmate was sent to segregation, and the plaintiff's legal materials, which were in the other inmate's possession, were confiscated. The plaintiff asked Captain Custer to return his legal materials, but his requests have gone unanswered.

- 5 -

Neither of the captains identified in the plaintiff's motion are named defendants, so the Court lacks authority to order them to return the plaintiff's legal materials. Regardless, even if the Court possessed the authority to do so, it would decline to intervene. The plaintiff chose to give his legal materials to another inmate without keeping a copy of those materials for himself. In doing so, the plaintiff assumed the risk that his legal materials would be lost or destroyed. The Court will not intervene to remedy a problem that the plaintiff himself created.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's "Motion Requesting the Court Order for Return of Legal Work" (ECF No. 7.) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED THAT** that on or before **July 6, 2015**, the plaintiff shall file, if he so chooses, an amended pleading addressing the problems the Court identified above.

**IT IS FURTHER ORDERED THAT** the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $341.74 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED THAT** copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED THAT** the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises the plaintiff that failure to timely file documents or pleadings may result in the Court dismissing the case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 8th day of June, 2015.

                                  **BY THE COURT:**

                                  _____
                                  **HON. RUDOLPH T. RANDA**
                                  **U.S. District Judge**