# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAJUAN L. BARKSDALE,**

    Plaintiff,

    -vs-                                  Case No. 15-CV-40

**EDWARD F. WALL, et al.,**

    Defendants.

## DECISION AND ORDER

Kajuan L. Barksdale, a Wisconsin state prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. On June 8, 2015, the Court granted the plaintiff's motion to proceed *in forma pauperis* and gave the plaintiff the opportunity to file an amended complaint. The plaintiff availed himself of that opportunity on June 16, 2015. This matter is now before the Court on the plaintiff's motion to appoint counsel, his motion for an order allowing him to pay the filing fee from his release account, and for screening of the plaintiff's amended complaint.

As previously explained, federal law requires that the Court screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff is currently incarcerated at Oshkosh Correctional Institution (OSCI). He is suing Wisconsin Department of Correction Secretary Edward Wall and the following OSCI staff members: David Hines, Cathy Jess, Sherri Fromolz, Judy Smith, James Zanon, Robert Hable, Carrie Spranger, Charles Facktor, and Deidre Morgan. The plaintiff seeks declaratory relief and compensatory and punitive damages.

The plaintiff alleges that on August 1, 2014, he received a conduct report for punctuality and attendance. As a result, the plaintiff was immediately removed from a vocational program and placed on work/institution pay restriction for ninety days. The plaintiff filed grievances, complaining that these consequences resulted prior to him receiving a hearing on the conduct report. The plaintiff's grievances were either rejected or ignored.

On August 25, 2014, a hearing on the plaintiff's conduct report was held, and the plaintiff was found not guilty. Despite this finding, the plaintiff was not allowed to re-enter the vocational program and he was not compensated for the ninety days of lost pay.

A procedural due process violation exists only if the plaintiff establishes that the defendants deprived him of a liberty or property interest that has been created by Wisconsin state law or by the Due Process Clause itself. *DeWalt v. Carter*, 224 F.3d 607, 613 (2000). In other words, the fourteenth amendment would require that a hearing be offered *only* if the plaintiff has a liberty or property interest in the vocational program and/or prison job. If the plaintiff has no liberty or property interest in either the vocational program or his prison job, the defendants

could remove him from those activities without offering him the procedural protections guaranteed by the Due Process Clause.

The Seventh Circuit has held that "there is no constitutional mandate to provide educational, rehabilitative, or vocational programs in the absence of conditions that rise to a violation of the Eighth Amendment," nor is there any protectable liberty or property interest in prison employment. *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983); *see DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Further, liberty interests created by a state are "generally limited to freedom from restraint which . . . impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Thus, by providing prisoners access to vocational programs and/or prison jobs, the state of Wisconsin cannot be said to have created a liberty interest in participation in such programs because denial of these opportunities does not impose atypical and significant hardship on a prisoner in relation to ordinary prison life. *Martinkowski v. Wisconsin Dept. of Corrections*, 896 F.Supp. 882, 884 (E.D. Wis. 1995).

Because the plaintiff cannot establish that he had a liberty or property interest in either the vocational program or in his prison job, he

- 5 -

was not entitled to the procedural protections guaranteed by the fourteenth amendment and he therefore fails to state a claim upon which relief can be granted.

The plaintiff also includes a single, vague allegation that "[d]efendant David Hines did retaliated [sic] aginst [sic] the plaintiff after the plaintiff was found not guilty of said conduct report." (ECF No. 9 at 4.) To state a claim for retaliation, a plaintiff must allege that an action was taken in retaliation for the plaintiff's exercise of a constitutionally protected right. *DeWalt*, 224 F.3d at 618. Even construing the plaintiff's complaint liberally, the Court cannot find that the alleged act of retaliation (*i.e.*, refusing to place the plaintiff back in the vocational program and/or reimburse him for the ninety days of lost pay) was taken in response to the plaintiff exercising a constitutionally protected right. According to the complaint, Hines acted as he did because he was frustrated that the plaintiff was found not guilty at the hearing on the conduct report. While Hines's actions may be spiteful or unfair, they were not in response to the plaintiff engaging in a protected activity. Thus, the plaintiff cannot state a claim for retaliation against Hines. The plaintiff's complaint will be dismissed for failure to state a claim.

## Motion to Appoint Counsel

The plaintiff has also filed a motion for the appointment of counsel. The plaintiff states that he cannot afford an attorney, he has no specialized training as an attorney, he has been relying on the assistance of others who have no obligation to continue assisting him, and he cannot properly investigate the facts of this case.

In a civil case, the Court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, a person has to make a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can demonstrate he has made a reasonable effort to hire counsel on his own by providing the court with the names of at least three attorneys he tried to contact, along with the dates of the attempted contact.

After a plaintiff demonstrates he has made a reasonable attempt to hire counsel, the court will decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks not only at the plaintiff's

ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Even though the plaintiff has satisfied his initial burden of attempting to hire counsel on his own, the Court will deny the plaintiff's motion. The plaintiff's filings are well organized and are sufficient for the Court to understand what claims the plaintiff seeks to bring, indicating to the Court that the plaintiff is capable of proceeding on his own. In any event, the Court has determined that the plaintiff's complaint fails to state a claim and will be dismissed. As such, the plaintiff no longer needs counsel to further pursue this case.

<u>Motion to Pay Filing Fee from Release Account</u>

The plaintiff has requested that the Court order the Department of Corrections "to take a lump sum payment for filing fee [sic] out of plaintiff's release account in the amount of $295.04 and that the remaining balance be taken from his regular trust account." (ECF No. 11.) A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence. Wis. Adm.Code § DOC 309.466. Although the Court can order disbursement from the release account for

- 8 -

payment of the initial partial filing fee, the Prison Litigation Reform Act does not require the Court to invade that account for payment of the balance. *See* 28 U.S.C. § 1915(b). The balance of payments, after the initial payment, is to equal "twenty percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). "Nothing in this language can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F.Supp.2d 936, 937 (W.D. Wis. 2005); *see also Doty v. Doyle*, 182 F.Supp.2d 750 (E.D. Wis. 2002). Given the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result, the Court declines to order that the plaintiff's full filing fee be paid from his release account.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for the appointment of counsel (ECF No. 10.) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the plaintiff's motion that the filing fee be taken from his release account (ECF No. 11) is **DENIED**.

**IT IS ALSO ORDERED THAT** this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED THAT** the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS ALSO ORDERED THAT** the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED THAT** the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED THAT** copies of this order be sent to the warden of the institution where the inmate is confined.

**THE COURT FURTHER CERTIFIES THAT** any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**