# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAJUAN L. BARKSDALE,**

      Plaintiff,

      -vs-                             Case No. 15-CV-40

**EDWARD F. WALL, et al.,**

      Defendants.

## DECISION AND ORDER

Kajuan L. Barksdale, a Wisconsin state prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. On July 8, 2015, the Court dismissed the plaintiff's complaint for failure to state a claim. This matter is now before the Court on the plaintiff's motion asking the Court to reconsider that decision.

The plaintiff alleged in his complaint that on August 1, 2014, he received a conduct report that resulted in his immediate removal from an education program (the "Program") and placement on work/institution pay restriction for ninety days. The plaintiff filed grievances, complaining that this occurred prior to him receiving a due process hearing on the conduct report. The plaintiff's grievances were either rejected or ignored.

On August 25, 2014, a hearing on the plaintiff's conduct report was held, and the plaintiff was found not guilty. Despite this finding, the

plaintiff was not allowed to re-enter the vocational program, and he was not compensated for the ninety days of lost pay. The plaintiff alleges that defendant Hines wrote a false performance review after he was found not guilty to ensure that the plaintiff would not be permitted to re-enter the Program.

The Court dismissed the plaintiff's complaint because the allegations failed to state due process or retaliation claims. The plaintiff disagrees and asks the Court to reconsider its decision.

As acknowledged by the plaintiff, a due process violation can exist only if the plaintiff establishes that the defendants deprived him of a liberty or property interest that has been created by Wisconsin state law or by the Due Process Clause itself. *DeWalt v. Carter*, 224 F.3d 607, 613 (2000). In other words, the fourteenth amendment would require that a hearing occur prior to the plaintiff's removal from the Program *only* if the plaintiff had a liberty interest in the Program. If the plaintiff had no liberty interest, the defendants could remove him from the Program without offering him the procedural protections guaranteed by the Due Process Clause.

The plaintiff argues that Wisconsin statutes providing for educational programming create a liberty interest in those programs. The

Case 2:15-cv-00040-WCG   Filed 09/18/15   Page 2 of 5   Document 16

plaintiff relies on *Perrote v. Percy*, 489 F. Supp. 212 (E.D. Wis. 1980) to support his argument that he could not be removed from the Program without a due process hearing. However, *Perrote* was decided by a district court prior to the Seventh Circuit holding that "there is no constitutional mandate to provide educational, rehabilitative, or vocational programs in the absence of conditions that rise to a violation of the Eighth Amendment." *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983); *see DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *Perrote* was also decided prior to the Supreme Court holding that liberty interests created by a state are "generally limited to freedom from restraint which . . . impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). As such, the mere offering of education programs by Wisconsin does not create a liberty interest in those programs because the removal of those programs would not "impose atypical and significant hardship on a prisoner in relation to ordinary prison life." *See Martinkowski v. Wisconsin Dept. of Corrections*, 896 F.Supp. 882, 884 (E.D. Wis. 1995).

Because neither the Constitution nor Wisconsin state law creates a liberty interest in education programs, the Court was correct to conclude

that the plaintiff was not entitled to due process protections prior to being removed from the Program.

With regard to the plaintiff's retaliation claim, the Court explained in its order that to state a claim for retaliation, a plaintiff must allege that an action was taken in retaliation for the plaintiff exercising a constitutionally protected right. *DeWalt*, 224 F.3d at 618. The plaintiff alleges that he stated a retaliation claim because "Hines retaliated against him, for winning his Due Process Hearing" by writing a false performance evaluation "with the hopes that such a report would remove plaintiff from school." (ECF No. 14 at 2.)

According to the complaint, Hines first attempted to remove the plaintiff from the Program by writing a false conduct report. When that did not work (because the plaintiff was found not guilty), Hines wrote a false performance review. The plaintiff repeatedly states that the only reason Hines wrote the false performance review was because the plaintiff prevailed at the due process hearing on the conduct report and Hines needed a "legal" way to keep him out of the Program. (ECF No. 14 at 1-4).

The Court concludes, solely based on the allegations made by the plaintiff, that Hines wrote the false performance review only to further his desire to remove the plaintiff from the Program, a desire that had been

revealed long before the plaintiff engaged in any protected activity and had been frustrated by the hearing officer's decision. While Hines's actions may have been spiteful and unfair, the plaintiff does not allege that they were taken in response to the plaintiff exercising a constitutionally protected right.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration (ECF No. 14) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2015.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**