# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAJUAN L. BARKSDALE,**

    Plaintiff,

    -vs-                                           Case No. 15-CV-40

**EDWARD F. WALL, et al.,**

    Defendants.

## DECISION AND ORDER

Kajuan L. Barksdale, a Wisconsin state prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. On July 8, 2015, the Court dismissed the plaintiff's complaint for failure to state a claim. On September 18, 2015, the Court denied the plaintiff's motion for reconsideration. This matter is now before the Court on the plaintiff's second motion for reconsideration.

The plaintiff states that David Hines removed the plaintiff from his vocational program when the plaintiff, after receiving a conduct report, refused to accept a summary disposition of "three days lost [sic] of day room and a negative performance review" and instead requested a full due process hearing. (ECF No. 18 at 2.) Although the plaintiff's complaint

contained a vague allegation of retaliation against Hines, this is the first time that the plaintiff has provided these particular facts.[1]

As acknowledged by the plaintiff, to state a claim for retaliation, a plaintiff must allege that an action was taken in retaliation for the plaintiff exercising a constitutionally protected right. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

The plaintiff cannot state a claim for retaliation against Hines on these facts because he cannot establish that he was exercising a constitutionally protected right. According to the plaintiff, Hines offered him a summary disposition of a negative performance review and three days loss of day room privileges. The plaintiff has no liberty or property interests in day room time or in being free of a negative review, so the plaintiff was not entitled to due process protections based on that discipline. Given that he was not entitled to due process protections, the plaintiff was not engaging in protected activity when he requested those protections. As the Court has repeatedly observed, although Hines's

---

[1] In the plaintiff's first motion for reconsideration, he stated that Hines retaliated against him, for winning his Due Process Hearing" by writing a false performance evaluation "with the hopes that such a report would remove plaintiff from school." (ECF No. 14 at 2.)

actions as alleged may have been spiteful and unfair, they do not rise to the level of a constitutional violation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's second motion for reconsideration (ECF No. 18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of November, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**